{¶ 34} Appellant contends that a violation of Ohio's statutory requirements for filing a competency evaluation and conducting a hearing on that report amount to violations of procedural and substantive due process. However statutory violations don't per se implicate constitutional rights. In order to amount to a deprivation of substantive or procedural due process, the state's failure to comply with the relevant statutory time frames would have to offend "some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." See, Montana v. Engelhoff (1996), 518 U.S. 37,116 S.Ct. 2013; 135 L.Ed.2d 361 at 371. The minimal delays Hilyard suffered in this case as a result of the state's failure to comply with R.C. 2945.37 et seq. do not approach that threshold. Thus, Hilyard has suffered no harm to his due process rights, in spite of the state's failure to comply with the statutes.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Vinton County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment Opinion with Opinion
Kline, J.: Concurs in Judgment Opinion